## Case No. 18,040.

### WOOSTER v. TAYLOR et al.

[12 Blatchf. 384; 1 Ban. & A. 594; 8 O. G. 644.] [1]

Circuit Court, S. D. New York. Dec. 19, 1874.

PATENT FOR INVENTION—ACCEPTANCE OF LICENSE —ESTOPPEL TO ATTACK PATENT.

1. A patent was extended, and assigned, as extended, to W., who entered into an agreement in writing, under seal, with T., which set forth that T. was "desirous of obtaining" a license to use the improvements covered by the patent, to the extent of the use of the article necessary to his business, and that, in consideration of the performance by T. of the covenants in the agreement, W. granted to T. the license to use the improvement to said extent for one year, at a specified place, "and not longer, otherwise or elsewhere, without written permission of W., and that T. agreed to pay a specified patent fee, and to stamp each article with the dates of the patent and of the extension, and the words "Licensed to T. only," and that W. might revoke the license on the failure of T. to perform any of said conditions, in which case it should cease, and that the license was a personal privilege to T. and no right to use the article should, under it, be vested in any purchaser or user of it, other than T. After the expiration of the one year, T. continued to use 19 of the articles, claiming that he had them lawfully in use at the expiration of the first term of the patent, and that, by virtue of section 67 of the act of July 8, 1870 (16 Stat. 209), he had a right to continue the use of them so long as they remained capable of use. W., on bill filed, applied for an injunction to restrain such use. *Held,* that, as T. knew all the facts relied on, when the first term expired, and when such license was given, under the extension, he waived, by taking such license, any rights which he then had to use the 19 articles; that a mistake of the law could not avail to destroy the force of the covenants in the license; that, although the term of the license had expired, T. was bound and estopped by the recitals and covenants in it; and that the injunction must be granted.

2. As the license was granted at a nominal sum, for special reasons, it would be inequitable to allow T. to evade the force of the terms of the license, when he did not set up, at the time it was granted, any then existing right to use the article.

[This was a bill in equity by George H. Wooster against Edmund W. Taylor, Jr., and Margaret Woodbury, to enjoin the infringement of letters patent No. 21,659, granted to

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

A. Douglas October 5, 1858, and reissued December 10, 1872,—No. 5,180.]

William D. Shipman and Frederic H. Betts, for plaintiff.

L. E. Chittenden, for defendants.

BLATCHFORD, District Judge. The plaintiff is the owner of reissued letters patent granted to him, December 10, 1872, for an "improvement in folding guides for sewing machines." The original patent was granted to Alexander Douglas, as inventor, October 5, 1858, and was extended to him for seven years from October 5, 1872. The patent, as extended, was assigned to the plaintiff, and the reissue was granted to him, as assignee. The plaintiff now applies for a preliminary injunction to restrain the defendants from using folding guides, or binders for sewing machines, in violation of the patent.

The defendants have nineteen of such guides which embody the invention covered by the patent. They claim the right to continue their use, on the alleged ground that the nineteen guides were lawfully in use when the first term of the patent expired. The lawful use set up is an allegal verbal permission or license given by Douglas, the inventor, during the first term, in pursuance of which it is claimed the nineteen guides were made and put into use. The giving of the permission is denied, and it is further claimed on the part of the plaintiff, that, at the time when the permission is alleged to have been first given, and during all the time thereafter until the expiration of the first term, the title to the patent for the first term had passed out of Douglas, and was held by one Wheeler, so as to make such permission invalid for want of power in Douglas to grant it. But, in the view I take of the case, it is not necessary to consider any questions arising out of the foregoing matters, for the reason that another aspect of the case is controlling against the defendants.

The right to use, set up by the defendants, is claimed, as matter of law, under the provision of section 67 of the act of July 8, 1870 (16 Stat. 209), which declares, that "the benefit of the extension of a patent shall extend to the assignees and grantees of the right to use the thing patented, to the extent of their interest therein." The alleged facts set up as constituting a lawful use of the nineteen guides at the time the first term of the patent expired, were known to the defendants at the time such first term expired. After the extension had been granted, and after the patent, as extended, had been assigned to the plaintiff, an agreement in writing, under seal, was entered into between the plaintiff and the defendants. This instrument, which is dated October 5, 1872, after reciting the granting of the patent, and its extension, and its assignment to the plaintiff, sets forth, that the defendants "are desirous of obtaining a license to use the improvement secured by said letters patent, to the extent of the use of binders necessary to their business," and that the plaintiff, "for and in consideration, and in case of, the due and faithful keeping and performing of each and all of the conditions, agreements and admissions hereinafter contained to be kept and performed by the" defendants, has granted to the defendants the license "to use the said improvement to said extent, for and during the space of one year from the date hereof, at their place of business, No. 55 Hudson street, in the city of New York, and not longer, otherwise or elsewhere, without written permission of" the plaintiff. The instrument then proceeds to say, that the defendants agree to pay to the plaintiff, as a patent fee, the sum of $100, and agree to stamp on each folding guide used, the words: "Patented October 5, 1858; extended September 24, 1872; licensed to Taylor & Woodbury only." There are agreements by the defendants not to contest the validity of the patent, and not to refuse to pay the license fee, although other parties contest the patent, and then the instrument provides, that, on the failure of the defendants to perform any of said conditions and promises, the plaintiff may revoke and annul the license, "in which case, this license, and all rights and privileges hereunder, shall forever cease and determine." The instrument further provides, that the license is "to be considered solely as a personal privilege" to the defendants, "and no folding guide licensed hereunder is to be considered as lawfully made, so as to vest any property for sale of the same in the user, or so as to permit the said guide to be transferred, so as to vest in the purchaser or user other than" the defendants "any right to use the same."

It is contended for the defendants, that the taking of this license to use an unlimited number of guides for one year was no waiver of any right which they had, because the license was taken under a mistake of law, they not having at that time been advised that they could set up, in law, the right to use which they now set up, and because the license covered more guides than the nineteen then in use; and that, when the license expired, the defendants were remitted to all rights which they had at the time the license was taken.

These views, it seems to me, are not sound. On the contrary, whatever rights the defendants had, when they took the license, in respect of the further use of the guides, they waived and surrendered by taking the license, containing the provisions it does contain. The defendants expressly show that they have never used any guides but the identical nineteen. The license sets forth that they are desirous of obtaining a license to use the invention patented, to the extent of the use necessary to their business, which includes the further use of the nineteen guides. This is inconsistent with their then having a right to use the nineteen, without

the new license. The license is not limited to guides in excess of the nineteen. Then, the license is to use the guides to the necessary extent (and which necessity is shown to have extended to the use of no greater number than the nineteen), for one year "and not longer" or otherwise, without written permission of the plaintiff, and the keeping of the agreements made by the defendants is declared to be the consideration and condition of the granting of the license by the plaintiff. Then, each one of the guides used (which includes the nineteen) is to be stamped as "licensed," and the form of stamp given means a license under the extension and a license under such written license. The further provisions of the license, as before recited, confirm this view. No mistake of fact is alleged nor any fraud on the part of the plaintiff. Mistake of law furnishes no ground for escaping the force of the covenants in the license. Although the term of the license has expired, the recitals and covenants in it bind and estop the defendants. One of those covenants is, that, in consideration of the license for one year, the guides are to be used for no longer than one year.

It appears, by an endorsement on the license, and it is shown to be the fact, that the license was granted for the sum of $100, as a nominal sum, at the special request of Douglas, and that such sum was not to be considered as a sum to govern the price of any other license. The defendants not having set up, when the license was granted, any existing right to use the nineteen guides, and the plaintiff having licensed such nineteen guides for a nominal sum, for a special reason, it would be inequitable to allow the defendants to evade the force of the terms of the license, for the plaintiff has allowed them to enjoy for one year, without molestation and for a nominal sum, the use of the nineteen guides, when it is manifest that he would not have allowed such use under the claim now set up, without resistance.

The motion for an injunction must be granted.

[For subsequent proceedings, see Case No. 18,041. For other cases involving this patent, see Wooster v. Seidenberger, Case No. 18,039; Thomson v. Wooster, 114 U. S. 104, 5 Sup. Ct. 788.]